IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MICHAEL BROWN )
    Plaintiff, )
)
v. ) Civil Action No. TMD 09-1358
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michael Brown ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 12), and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 23). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is granted.

I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on August 11, 2003 alleging disability since May 18, 2001 on the basis of closed head injury, a low back injury and injuries to his feet. R. at 11, 60-62, 115, 124, 234-36. The Plaintiff's claims were denied initially and on

reconsideration. R. at 39, 40-41, 44, 46-48, 226-27, 230-31. On July 31, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a representative witness testified. R. at 246-76. In a decision dated August 6, 2008, the ALJ denied Plaintiff's request for benefits. R. at 8-20. The Appeals Council denied review on March 25, 2009 making the ALJ's decision the final decision of the Commissioner subject to judicial review. R. at 3-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and §416.920. At the first step, the ALJ determined that Claimant had not continuously engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: an organic mental disorder (i.e. cognitive deficits) secondary to post-concussive syndrome. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is capable of performing his past relevant work. Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act. R. at 8-20.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff contends that the case should case should be reversed or remanded because the ALJ (1) failed to properly assess his RFC; (2) erred in his duty to develop the record; and (3) erred in finding Claimant was capable of performing his past relevant work. For the reasons discussed below, Defendant's Motion for Summary Judgment is granted.

    A.    RFC

Plaintiff alleges that the ALJ failed to set forth a narrative discussion citing medical facts to support his RFC assessment. RFC is the most work an individual can do, despite his limitations, for 8 hours a day, 5 days a week. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four after considering all relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e) and 416.945. The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

3

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b) and 416.945(b). The RFC determination must include a function –by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all relevant evidence in the record. Soc. Sec. Ruling 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the individual. Soc. Sec. Ruling 96-8p at *5-6. The evaluation must also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart,* 284 F.Supp.2d 256, 271 (D.Md.2003); Soc. Sec. Ruling 96-8p at *7.

In assessing Claimant's RFC, the ALJ discussed in narrative form the records of neurosurgeon Dr. Dennis D. Winters as well as results of psychological evaluations and intelligence testing which confirmed that Claimant experienced significant cognitive deficits secondary to his traumatic brain injury. R. at 14, 169, 185, 218-20. The ALJ noted that during the July 1, 2002 psychological evaluation by Dr. Stephen Siebert, Claimant complained of head swelling, not headaches and that during the February 10, 2004 consultative examination by Dr. Frank Nisenfield, only a slight restriction of back range of motion and straight leg was noted but that he had normal gait and station and no apparent deficit of his upper or lower extremities. R.

at 14-15, 175-77, 182-86.  The ALJ also noted the consultative examination of Dr. Irfan Hassen dated November 16, 2004, at which time Claimant complained of pain but admitted he was not under medical care and took only over the counter analgesics.  Dr. Hassen noted no impairment with respect to Claimant's strength, reflexes, sensation and coordination and noted only his history of head trauma but no new diagnoses.  At that time, Claimant admitted that he was able to drive about 45 miles, walk a quarter of a mile, lift 15 to 20 pounds and was looking for work.  R. at 15, 162-65.  Ultimately, the ALJ found that the State Agency assessments were consistent with the medical evidence, noting that Claimant only took over the counter medication, did not use an assistive device to stand or walk, did not require surgery for his physical injuries, diagnostic studies showing well healed fractures, and that he was released for work by his treating physician by September 2001.  R. at 15.  The ALJ certainly explained in narrative form why the findings he adopted were accepted.  R. 14-19. The ALJ also assessed Claimant's credibility prior to determining his RFC.  R. at 17-19. The ALJ's discussion fully and logically explains the evidence which is consistent with the ALJ's determination that Claimant can perform sedentary to heavy work exertionally. The ALJ's function-by-function assessment and narrative discussion were proper, and the determination of Claimant's RFC is supported by sufficient evidence.

Claimant also contends that the ALJ failed to evaluate the state agency physician's finding that Claimant was moderately limited in certain areas on his Mental Residual Functional Capacity Assessment.  R. at 142-43.  Contrary to Plaintiff's assertion that the ALJ failed to evaluate this evidence without explanation, the AJL acknowledged Dr. Sokas' assessment as of

5

December 28, 2004. R. at 19. The ALJ explained why he afforded the opinion only "appropriate consideration" given that consultants do not have the opportunity to observe Claimant nor the opportunity to consider his testimony and additional statements in the record or the opportunity to review information regarding his additional sustained work activity in 2005 and 2006. R. at 19. Additionally, the ALJ afforded more weight to the opinion of Dr. Siebert and Dr. Cable who both examined Claimant. R. at 18, 19. Dr. Siebert opined that Claimant had no impairment in task completion, activities of daily living, social functioning, adaptation to stress. R. at 186. He noted that there were "no reported problems reading, watching television, or maintaining a checkbook." R. at 184. Dr. Cable similarly found Claimant capable of sustained attention for periods of time, that he had the ability to tolerate the stress and pressure of a day to day work experience as long as the stress level was not too high and perform fairly simple and direct tasks. R. at 170. While Plaintiff may not agree with the reasons provided by the ALJ, they are supported by the record and constitute substantial evidence supporting the ALJ's RFC finding.[1]

### B. Duty to Develop the Record

Plaintiff next argues that the ALJ failed in his duty to develop the record by failing to order a consultative examination and by failing to recontact his previous employers. Plaintiff's first argument is based on the existence of a 44 month gap between the most recent medical evidence in the record, a November 18, 2004 consultative examination by Dr. Cable and the

---

[1] Contrary to Plaintiff's assertion that the ALJ did not include any limitations on Claimant's ability to concentrate,

6

date of the ALJ's decision of August 6, 2008. Although an ALJ has a duty to develop adequately the record on all relevant facts and issues before making a final decision, *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir.1986), the standard for ordering consultative examinations is when "the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § 404.1519a(b). In other words, the need for a consultative examination arises if "the information [the ALJ] need[s] is not readily available from the records of [the claimant's] medical treatment source, or [the ALJ] [is] unable to seek clarification from [the claimant's] medical source." 20 C.F.R. §§ 404.1512, 416.1912.

In this case, the ALJ had two consultative psychological reports from physicians who examined Claimant, R. at 168-73, 182-86 and records from Claimant's neurosurgeon in addition to other medical evidence. R. at 198-207. After the first consultative examination in 2002, Dr. Siebert noted that there was "no indication that Mr. Brown requires psychiatric care and treatment as a consequence of the 5/18/01 accidental injury" and that he was "told that he did not require medication or ongoing mental health treatment." R. at 185. In the second 2004 consultative examination. Dr. Cable opined that Claimant was "mildly mentally retarded" but that he could sustain attention for periods of time, relate appropriately to co-workers, could tolerate the stress of day to day work experience as long as the stress level was not too high and could complete fairly simple and direct tasks. R. at 170. In addition, the ALJ heard testimony from Claimant and his representative, Ms. Lorraine Watkins. In view of the above, the Court

---

persist or keep up pace, his RFC limited him to simple to detailed, but not complex tasks and perform jobs not entailing significant changes in the work setting.

believes the ALJ had an adequate record before him upon which to make a determination about whether he was disabled notwithstanding Plaintiff's conclusory assertion that the record was insufficient at the time of the hearing.[2]

Similarly, the Court rejects Claimant's argument that the ALJ should have contacted his previously employers with respect to whether his girlfriend was required to drive with him so he would not get lost driving his route. R. at 265-67. The ALJ rejected this evidence because "there is no confirmation from any former employer that the claimant was unable to perform his assigned job tasks." R. at 18. As the Commissioner points out, there is no rule requiring the ALJ to contact previous employers and while the ALJ has a duty to fully develop the record, the Claimant bears the burden at step four of the sequential evaluation to demonstrate he cannot perform his past relevant work. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Claimant testified he was no longer able to perform his previous job as truck driver because his employer changed his route and he would get lost. R. at 256. He further testified that he could no longer perform the delivery job because his girlfriend would ride with him to assist him but she could no longer do that. R. at 257. However, Claimant later testified he was fired because he was late to his deliveries. R. at 269-70. As mentioned above, the ALJ correctly found there was no confirmation from his previous employer that he was unable to perform his job as indicated. Moreover, the ALJ found Claimant's testimony in this respect not to be credible. He noted that although Claimant alleged he was fired from jobs, the record

---

[2] The Court rejects Plaintiff's arguments that his "drop" in IQ testing should have triggered the duty to order an additional consultative examination. R. at 18.

demonstrated he left jobs because of lack of hours or lack of a promised raise. R. at 18, 108-09.

In sum, the ALJ's findings regarding Claimant's past relevant work is supported by substantial evidence and the Court finds he did not err by failing to recontact Claimant's previous employers.

    B.    <u>Past Relevant Work</u>

Claimant makes an additional argument with respect to the ALJ's finding that he was able to perform his past relevant work. He maintains that the ALJ erred in failing to follow the dictates of Social Security Ruling 82-62, which requires that an ALJ make specific findings regarding a claimant's ability to do past relevant work. SSR 82-62 provides that:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individuals' RFC [residual functional capacity].
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

It is Claimant's contention that the ALJ did not make any of the above findings, except for the RFC assessment. The ALJ's opinion, however, negates this assertion.

Despite Claimant's assertion, the ALJ made appropriate findings of fact concerning the physical and mental demands of being a delivery driver and whether Claimant's RFC would permit him to return to such a job. Relying on the Dictionary of Occupation Titles # 292.353-010, the ALJ determined that the occupation of delivery driver, as generally performed, requires medium exertion and has a specific vocational preparation ("SVP") rating of three

"which is at the lowest end of semi-skilled work." R. at 19. Because the ALJ found that Claimant has no exertional demands and that he can understand, carry out and remember simple to detailed, but not complex tasks, interact appropriately with others and perform jobs not entailing significant changes in the work setting, the ALJ's finding that Claimant is capable of performing his past relevant work as it is generally performed is supported by substantial evidence.[3]

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: July 22, 2011                              _____/s/_____
                                                 THOMAS M. DIGIROLAMO
                                                 United States Magistrate Judge

---

[3] To the extent Claimant argues that he could not perform his past relevant work based on findings of Dr. Sokas, that argument is similarly rejected. As discussed above, the Court finds the ALJ's decision to not adopt Dr. Sokas' opinion in its entirety supported by substantial evidence.

Copies to:
Stephen Shea, Esq.
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street